UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                                      Case No. 12-20228

v.

JAVON FRANKLIN ELLIS,

      Defendant.
_____/

**ORDER OF DETENTION PENDING TRIAL**

**Introduction**

This matter comes before the Court on the request of the government to detain defendant Javin Franklin Ellis ("defendant") pending trial.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)).

After conducting a detention hearing on Friday, April 20, 2012 under the Bail Reform Act, 18 U.S.C. § 3142(f), the undersigned concludes that these facts require that the defendant be detained pending trial.

**Findings – Basis For Detention Hearing**

A detention hearing was conducted pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f)(1), because the case involves:

_____ (1)     A crime of violence, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (defining the term "Federal crime of terrorism") for which the maximum term of imprisonment of ten years or more is prescribed;

_____ (2)     An offense for which the maximum sentence is life imprisonment or death;

__X__ (3)     A federal drug offense carrying a penalty of ten years or more (pursuant to the Controlled Substances Act (21 U.S.C. § 801 et seq.));

_____ (4)     A felony and the defendant has been convicted of two or more offenses described in subparagraphs (1) through (3) above, or two or more State or local offenses that would have been offenses described in subparagraphs (1) through (3) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such

|       |     | offenses;                                                                                                                                                                                                                       |
|-------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| __X__ | (5) | Any felony that is not otherwise a crime of violence that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. section 2250 |
| ____  | (6) | A serious risk that the defendant will flee                                                                                                                                                                                     |
| _____ | (7) | A serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.                              |

**Findings – Rebuttable Presumptions**

The parties agree that based upon the underlying drug and gun charges in the Indictment this is a presumption case such that the government has established a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required or the safety of any other person and the community.

The defendant proffered some evidence to suggest he does not pose a danger or risk of flight – mainly that he contests that the drugs and gun found in the automobile were his, when this matter was still being handled in state court he was released on bond for several months and made no attempt to flee and appeared in court as directed, he was attending classes at Eastern University Michigan and was employed as a barber.

**Findings – Factors To Be Considered**

Pursuant to Section 3142(g) of the Bail Reform Act, the Court has considered the following factors, in addition to the presumption, in determining whether to release the defendant:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug: **there is no dispute that the underlying offense involves narcotic drugs and guns. Defendant is charged in a three-count Indictment with felon in possession of a firearm, possession with intent to distribute marijuana, and possessing a firearm in furtherance of a drug trafficking crime. Pursuant to the government's proffer, defendant was pulled over on the campus of Eastern Michigan University for improper license plates. The officer smelled the strong odor of marijuana coming from the car. A search of the car turned up a jar of marijuana and a loaded colt .45 caliber pistol that was reported as being stolen during a home invasion. Defendant advised that he just bought the car that day. The prior owner of the car (Mr. Issa) is the brother of defendant's former employer. The government proffered that Mr. Issa said the drugs and gun were not his and that, a few weeks prior to selling the car to defendant, he saw the defendant possessing and waving the gun around in his auto shop.**

(2) the weight of the evidence against the defendant: **a grand jury has found probable**

**cause to indict defendant with possession with intent to distribute marijuana and possessing a firearm in furtherance of a drug trafficking crime. Defendant was the lone occupant, and recent buyer, of the automobile where the drugs and stolen gun were found. The prior owner of the car denied that there was a gun in the car prior to the sale and he further indicated that he witnessed the defendant with the gun.**

(3)    the history and characteristics of the defendant, including –

    (A)    the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings: **Defendant is a lifelong resident of the Eastern District of Michigan and has lived with his fiancé for the past several years. He has some contact with his mother. Prior to being arrested on the underlying offense, he was attending college classes and working as a barber. Defendant is a monthly smoker of marijuana. He has several troubling offenses in his past. At age 17 he was arrested for felony home invasion and pled guilty to felony stolen property. He violated his probation when he was subsequently charged with several robberies – one unarmed and one armed robbery offense in 2001. While he was in jail awaiting trial on the robbery offenses, he solicited the murder of a co-defendant. For the robbery offenses and felony homicide solicitation of murder, for which he pled guilty, defendant was sentenced to 5 to 15 years in prison. He was released from prison in June 2006 and discharged from parole in June 2008. He has one misdemeanor offense in 2007 and was subsequently arrested two other times but both cases were dismissed. The current offense took place in early February, 2012.**

    (B)    whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law: **As mentioned above, defendant was released from his prior parole in June 2008. He does not appear to have been on any type of release at the time of the February 7, 2012 incidents charged in the Indictment.**

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release: **In addition to the presumption, defendant has a history of violent offenses – including solicitation of murder while he was incarcerated. During its proffer, the government also explained that at the time of defendant's arrest, he was in possession of a cell phone. A search warrant was obtained for the contents of the phone. The search revealed numerous text messages sent to the defendant in January 2012 – both written texts and photographs – that are suggestive of dug dealing activity. Another message from defendant's fiancé further suggests that defendant may have been involved in a shooting. With his prior criminal history, defendant knows he cannot possess a firearm, yet he is charged with possessing a .45 caliber pistol in furtherance of a drug trafficking crime. A witness claims to have seen defendant waving the gun around the witness' place of business. The Court further notes the pre-trial services' recommendation of detention.**

**Statement of the Reasons for Detention**

For all of the reasons set forth above, the Court finds that based upon the information submitted at the detention hearing, the government has met its burden in this presumption case of establishing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: April 20, 2012          _____/s/ Laurie J. Michelson_____
                              United States Magistrate Judge Laurie J. Michelson