**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAVON FRANKLIN ELLIS (D-1),

        Defendant.

Case No. 12-CR-20228
Honorable Denise Page Hood

_____/

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AND MOTION FOR REVOCATION OF DETENTION ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Javon Franklin Ellis' Motion for Revocation of Detention Order and Motion for an Evidentiary Hearing and to Suppress Evidence Seized during Warrantless Traffic Stop. On June 27, 2012, the Government filed a superseding indictment charging Ellis with Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(e), Possession with Intent to Distribute, 18 U.S.C. § 841(a)(1), and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). On April 20, 2012, Magistrate Judge Laurie Michelson entered an Order of Detention Pending Trial, finding that there were no conditions that would reasonably assure the safety of the community.

For the reasons stated below, the Motions to Suppress and for Revocation of Detention Order are DENIED.

**II. LAW & ANALYSIS**

    **A. Motion to Supress**

Ellis asks that the Court suppress all evidence derived from the warrantless traffic stop.

1

Ellis argues that Officer Hogan did not have a reasonable suspicion to justify stopping him. An officer does not violate the Fourth Amendment by a warrantless seizure of an individual if the "officer has reasonable suspicion that criminal activity may be afoot." *United States v. Campbell*, 549 F.3d 364, 370 (6th Cir. 2008). The investigatory stop must be reasonably related to the circumstances that warranted the initial stop and last no longer than necessary to carry out the purpose of the stop. *Id.* at 372 (quoting *United States v. Blair*, 524 F.3d 740, 750 (6th Cir. 2008)). The officer may conduct a brief investigatory traffic stop and make reasonable inquiries as to his suspicions. *Id.* at 370. There must be "specific and articulable facts" to justify the officer's suspicion that the defendant has been or is involved in a crime. *Terry v. Ohio*, 392 U.S. 1, 21 (1969). The facts must be assessed based on the totality of the circumstances. *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993). Reasonable suspicion requires less than probable cause but more than a hunch that there is criminal activity. *Hoover v. Walsh*, 682 F.3d 481, 494 (6th Cir. 2012). Reasonable suspicion of an ongoing misdemeanor[1] is sufficient to conduct an investigatory stop. *United States v. Simpson*, 520 F.3d 531, 541 (6th Cir. 2008) (noting that "a seizure for an ongoing violation of any crime--no matter how minor--is governed by the standard of reasonable suspicion, not probable cause").

Eastern Michigan University (EMU) Police Department Officer Joseph Hogan testified at the evidentiary hearing. EMU police have jurisdiction in Ypsilanti and on the EMU campus. Officer Hogan testified that he regularly conducts random Law Enforcement Information Network (LIEN) runs of the license plates on vehicles that he is behind while driving. He testified that these random LIEN runs often reveal outstanding warrants, unlicensed drivers, improper plating and missing persons. Hogan stated he randomly ran the license plate of a white

---

[1] It is a misdemeanor to "carry or display upon a vehicle any registration certificate or registration plate not issued for the vehicle." Mich. Comp. Laws § 257.256.

Buick traveling in front of his vehicle on February 7, 2012. The LIEN revealed that the license plate belonged on a Volvo, not a Buick.

Hogan stopped the vehicle to investigate the improper plating. Ellis, when approached by Hogan, explained that he had just purchased the vehicle and just changed the registration at the Secretary of State. The paperwork Ellis had supported his explanation. Hogan accepted Ellis' explanation. However, Hogan claims that when Ellis opened the car door, Hogan smelled a strong odor of marijuana. Hogan asked Ellis about whether there was any marijuana in the vehicle. At first, Hogan claims, Ellis did not answer. When asked a third time, Hogan testified that Ellis reached in the center console and handed Hogan a mason jar with marijuana inside. A subsequent search of the vehicle uncovered a black semi-automatic handgun, fully loaded. The handgun turned out to be a stolen gun previously involved in a crime of home-invasion.

Based on the totally of the circumstances, Hogan had reasonable suspicion to stop Ellis' vehicle. Hogan observed Ellis in a white Buick. When Hogan ran the license plate in the LIEN system, he determined that the license plate was registered to a Volvo. Displaying improper plates is a misdemeanor. *See* Mich. Comp. Laws § 257.256 (making it a misdemeanor to "carry or display upon a vehicle any registration certificate or registration plate not issued for the vehicle"). Ellis claims that Hogan only had a "hunch" that Ellis had improper plates because of the unreliability of the LIEN system. This was based on Hogan's testimony that in six years of using the LIEN system the information was incorrect 30-40 times. Defendant also argues that for more minor violations the standard for probable cause should be used. *See United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (noting that the Sixth Circuit requires that an officer have probable cause to conduct an investigatory stop for a civil infraction and a reasonable suspicion to stop for a criminal violation). Defendant claims that the Government is using technology to

make an end run around the Fourth Amendment. The Court disagrees. Ellis has no reasonable expectation of privacy in his license plate. *United States v. Ellison*, 462 F.3d 557, 561-63 (6th Cir. 2006). "[S]o long as [Hogan] had a right to be in a position to observe [Ellis'] license plate, any such observation and corresponding use of the information on the plate does not violate the Fourth Amendment." *Id.* at 563. When Hogan ran the license plate in the LIEN system, he determined that the license was registered to a Volvo. The license plates registered to a Volvo was on a Buick. In observing that a white Buick carried the same license plate number as registered to a Volvo, Hogan had more than a hunch that Ellis was driving with improper plates and, therefore, committing an ongoing misdemeanor. The LIEN check did not present a Fourth Amendment violation and Hogan had a reasonable suspicion to conduct an investigatory stop.

Ellis contends that once Hogan had the paperwork showing that the car was registered in his name, Hogan could no longer detain him and all further inquiry exceeded the scope of the traffic stop.[2] However, "[a] law enforcement officer does not violate the Fourth Amendment merely by asking a detained motorist extraneous questions so long as those questions do not unnecessarily prolong the detention, and the detainee's responses are voluntary and not coerced." *United States v. Aguilera-Pena,* 426 Fed. App'x. 368, 370 (6th Cir. 2011); *see also Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop").

---

[2] At the hearing, Ellis attempted to challenge Hogan's ability to detect the smell of marijuana through a closed mason jar. To support his argument, Ellis provided two unmarked mason jars as demonstrative exhibits for Hogan to smell. Defense counsel claimed that one mason jar contained bleach and the other ammonia. Hogan was not required to smell the jars although one jar was opened near him. The Court is surprised that Defense counsel could get ammonia and bleach through court security and to the hearing as demonstratives. Ellis' science experiment did not bolster his argument. There is no evidence that the mason jar containing marijuana had been opened or the contents smoked prior to the investigatory stop, allowing the smell to linger in the air, or that it was closed for a long period of time. Also, as an officer, Hogan testified that he had experience with detecting the smell of marijuana. There was no testimony regarding his recognition of the smell of bleach or ammonia.

After Hogan asked whether there was marijuana in the vehicle, Ellis voluntarily gave Hogan the mason jar of marijuana. This admission was not coerced. Hogan's question was reasonable given that he smelled the presence of marijuana when he was at the door of the vehicle. Questions that may lead to detecting a crime do not render a reasonable detention unreasonable when the questions present little inconvenience. *United States v. Herbin*, 343 F.3d 807, 810-11 (6th Cir. 2003) (quoting *United States v. Childs*, 277 F.3d 947, 954 (7th Cir. 2002)). Hogan only asked one question. The question provided little or no inconvenience to Ellis. When Ellis presented Hogan the mason jar of marijuana, Hogan had probable cause to search the vehicle. *United States v. Pasquarille*, 20 F.3d 682, 690 (6th Cir. 1994). In fact, the smell of marijuana alone gave Hogan probable cause to search the vehicle. *Garza*, 10 F.3d at 1246. The mason jar of marijuana also established probable cause to arrest Ellis. *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996). The evidence obtained from the investigatory stop will not be suppressed.

    **B.**    **Motion for Revocation of Detention Order**

18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. The Court reviews the appeal of a detention order *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *see also United States v. Montgomery*, No. 09-20101, 2010 WL 1052339, *1 (E.D. Mich. Mar. 19, 2010).

Under the Bail Reform Act, the district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of

conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

There is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that" the defendant committed an offense with a maximum term of imprisonment of ten or more years under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3). However, the presumption does not relieve the Government of the ultimate burden of proof. *United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986). Even if a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). This is a rebuttable presumption case under § 3142(f)(1).

The Court is required to make findings based on the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

As to the nature and circumstances of the offense, a loaded firearm and marijuana were found on Ellis during a routine traffic stop. Ellis had just purchased a vehicle and had the registration changed at the Secretary of State. He was on his way to class on Eastern Michigan's campus when Hogan randomly checked his license plate and found that the vehicle was not registered to that license plate. When questioned about it, Ellis indicated that he had just registered the car at the Secretary of State and provided Hogan with appropriate paperwork. Hogan then claimed that he smelled marijuana and questioned Ellis about the smell. Ellis produced a mason jar with marijuana from the center console of the car. He was arrested. A

search of his vehicle produced a loaded .45 caliber firearm. The owner of the dealership where Ellis purchased the car and was a former employee, stated that he saw Ellis waving the gun around a few weeks prior and denied knowing anything about the gun or marijuana in the car. Ellis is a felon. He should not have had the firearm.

The weight of the evidence against Ellis appears reasonably strong. Ellis personally produced the marijuana upon questioning. The police interviewed an individual that claims to have sold the firearm to Ellis. The police also retrieved a cell phone from Ellis that contained numerous text messages regarding drug exchanges and offers to sell drugs. There are also several picture text messages of what appears to be marijuana plants and large bundles of cash. Ellis claims that the texts would be inadmissible. However, the Rules of Evidence do not apply in this matter. *See* Fed. R. Evid. 1101(d).

Ellis' history and characteristics reveal a criminal history. Ellis pled nolo contendere to unarmed robbery, armed robbery, and solicitation of murder in 2001 in Washtenaw County. The solicitation of murder charge resulted from Ellis, while incarcerated awaiting trial, asking another inmate that was scheduled for release to deliver a letter to his cousin. The letter asked for the murder of his codefendant. The inmate alerted the authorities to the contents of the letter. While the Court is aware that Ellis has posted bond in state court and appeared at all court hearings, this does not detract from the nature of Ellis' criminal history and the pending charges. The Court understands that Ellis' prior convictions occurred while he was still a young man. However, the violate nature of his prior crimes cautions the Court against release in light of Ellis being found with a loaded firearm that was stolen during a home invasion. This factor weighs in favor of the Government and against release.

Finally, as to the nature and seriousness of danger posed by Ellis' release, Ellis notes that

he is a lifelong Michigan resident and has several personal contacts here, including a fiancé. Ellis works as a Barber in Ann Arbor and was attending school fulltime at Eastern Michigan University. Ellis argues that he committed the prior offenses when he was teenager and did not have a "fully formed frontal lobe" and now with a fully formed lobe he is no longer a danger to the community. Although the Court is aware that Ellis is a lifelong Michigan resident with personal contacts in Michigan and a recent college student, the nature of the charged offenses are serious. Ellis cannot now blame an undeveloped frontal lobe his allegedly having a loaded firearm while transporting marijuana presumably for sale. Ellis is a convicted felon and knows that he is not to carry a firearm. Ellis' attempt to diminish his prior criminal history as a consequence of a not completely developed full frontal lobe is disturbing. His prior crimes involve violence and solicitation of murder of a codefendant. The nature of his past crimes, coupled with the nature of the charged offenses, alerts the Court to Ellis' danger to the public.

Given that that factors governing pretrial release weigh against Ellis, the Court finds that there are no conditions that would reasonably assure the safety of the community. The Court will not revoke the Magistrate Judge's order of detention.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Revocation **[Docket No. 12, filed June 6, 2012]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress **[Docket No. 13, filed June 6, 2012]** is **DENIED.**

                                                S/Denise Page Hood
                                                United States District Judge

Dated: August 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager