UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        Case No. 12-CR-20228
                                                                        Honorable Denise Page Hood

THOMAS MICHAEL JOHNSON (D-2),

        Defendant.

        _____/

**ORDER DENYING DEFENDANT'S MOTION TO DISCLOSE CONFIDENTIAL
INFORMANT AND DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
SEIZED DURING EXECUTION OF SEARCH WARRANT**

**I.    INTRODUCTION**

Now before the Court is Defendant Thomas Michael Johnson's Motion to Disclose Confidential Informant and to "Un-Redact" Statement or to Bar this Witness from Testifying at Trial, filed September 7, 2012, and Defendant's Motion to Suppress Evidence Seized following Execution of a Search Warrant based upon Inaccurate Information in Affidavit and Lack of Probable Cause and the Warrant Being Overly Broad, filed September 24, 2012. For the reasons stated below, the Court denies Defendant's Motion to Disclose and Motion to Suppress.

**II.    BACKGROUND**

The Government's amended superseding indictment charges three defendants: Javon Franklin Ellis, Thomas Michael Johnson, and Sheldon Willie-Earl Brummette. Johnson is charged with violating 18 U.S.C. §§ 922(g)(1) and 924(e), Felon in Possession of a Firearm, for being in possession of a Colt .45 caliber pistol, bearing serial number CP36114. The same firearm was also in possession of Johnson's two co-defendants. Ellis was arrested with the firearm. Brummette

allegedly purchased the firearm from Johnson who sold it to Ellis. The firearm was reported stolen during a home invasion in Van Buren Township.

In a heavily redacted statement, the CI told the police that Johnson had "another shipment of guns" and that all the handguns had lasers on them. [Docket No. 47, Pg ID 196] The CI further stated that Johnson sold one gun to a drug dealer named "Famo" who sold it to another drug dealer who was caught with the gun.

The police also interviewed co-defendant Brummette. Brummette knew Johnson through a mutual friend who lived in Johnson's trailer. Brummette also sold crack cocaine to Johnson. While in Johnson's trailer, Brummette would observe televisions and other items that Johnson tried to sell. Brummette bought a .45 caliber pistol from Johnson for $250. Johnson told Brummette that when he received his shipment of guns Johnson would contact Brummette in order for him to purchase a gun. Brummette stated that he sold the gun he bought from Johnson to co-defendant Ellis for $200.00.

The affidavit that was used to obtain a search warrant for Johnson's trailer contained the following information:

- Van Buren Township Detective Sergeant of the Special Investigations Unit was conducting an investigation into home invasions in the northwest corner of Van Buren Township.

- On February 7, 2010, Ellis was arrested in possession of a Colt .45 pistol with serial number CP36114. This handgun was reported stolen during a home invasion of a certain address in Van Buren Township. Ellis would not say where he bought the gun.

- With permission, a trail camera was attached to a home in a neighborhood experiencing home invasions. On March 10, 2012 the camera caught a man standing in the backyard of the home looking toward the camera in the direction of the rear living room window.

2

- A CI, who has proven to be a reliable source in the past, identified the person in the picture as Johnson. The CI informed police that the Johnson sold stolen property and that Johnson had sold a gun to Brummette who later sold it to another who was caught with it.

- During his interview, Brummette told police that he sold the gun to Ellis. Brummette had purchased the gun from Johnson.

- There was another home invasion on April 3, 2012 near Johnson's trailer

- On April 4, 2012, police observed Johnson carrying what appeared to be a flat screen television under a blanket from his residence into a Dodge Van. Police approached Johnson and told him that they were looking for a runaway juvenile and asked Johnson if they could look inside his residence. Johnson allowed one Detective in his residence.

- Upon entering Johnson's residence, the Detective observed a Canon camera case and video camera. He further observed two pill bottles with the home invasion victim's name on them.

Search of Johnson's trailer recovered numerous electronics, including a television, camera, and pill bottles that belonged to the victim of a home invasion.

## III. MOTION TO DISCLOSE CONFIDENTIAL INFORMANT

Johnson asks the Court to order the Government to disclose the identity of the confidential informant (CI) and un-redact the CI's statement or, in the alternative, bar the CI from testifying at trial. "Ordinarily a defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). The Government enjoys the privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). There is no fixed rule mandating disclosure. *Id.* at 62. Rather, "to invoke this privilege 'the public interest in protecting the flow of information to the government' must outweigh 'the public interest in protecting the flow of information to the government.'" *United States v. Sales*,

247 Fed. App'x 730, 734 (6th Cir. 2007) (quoting *United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir. 1991)). Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. The defendant must demonstrate that disclosure of the informant's identity would substantially help his defense or that such disclosure is essential for the defendant to receive a fair trial. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). Necessarily, simply stating in a conclusory fashion that the informant's identity would be helpful will not outweigh the public interest in maintaining the informant's confidentiality. *Id.*; *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) ("Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure.").

The Court has found disclosure inappropriate when the informant's participation did not rise above that of tipster or introducer. *United States v. Sales*, 247 Fed. App'x 730, 734 (6th Cir. 2007); *see also Roviaro*, 353 U.S. at 62-64. If the defense contends that the informant's identity is relevant to a defense of entrapment, the defendant "must adduce some evidence of entrapment before the government is called upon to disclose to the defendant the identity of an informant or to disclose whether a potential witness may have given information to the government (unless it may be subject to *Brady* disclosure requirements)." *United States v. Stone*, No. 10-20123, 2012 U.S. Dist. LEXIS 4279, *12 ( E.D. Mich. Jan. 13, 2012) (Roberts, J.) (unpublished) (quoting *Sharpe*, 778 F.2d at 1187). When the defendant has furnished evidence that shows that it is reasonably probable that the informant may give relevant testimony, the Court may conduct an *in camera* hearing to determine the materiality of the informant's identity. *United States v. Hudson*, 325 Fed App'x 423, 426 (6th

4

Cir. 2009); *Sharpe*, 778 F.2d at 1187 ("courts have traditionally utilized in camera interviews in order to assess the relevance and possible helpfulness of the informant's identity to the defense.") The Court is not required to conduct an in camera interview until the defendant has offered some evidence supporting the entrapment defense. *Stone*, 2012 U.S. Dist. LEXIS 4279 at *12.

Johnson argues that disclosure of the CI's identity is required to "see if [the CI] has a motive to lie or has any other reason not to tell the truth." [Docket No. 47, Pg ID 190] Johnson believes that he may know the CI and that drugs or alcohol may have interfered with the CI's memory. Johnson notes that "an assorted group of individuals who were more likely than not present when the CI was present" may have had the weapon the CI associated with Johnson. He further postulates that the CI may have other reasons to fabricate his or her story, including a possible eviction by Johnson.

Johnson has offered no more than his beliefs and suspicions on the relevance of the CI's identity. The assertion that Johnson may know the CI and that the CI may have a reason to lie do not outweigh the public interest in maintaining the confidentiality of an informant's identity. The CI did no more than provide information to the police which eventually lead to Johnson's arrest and the search of his trailer. The CI did not in any way participate in the crime itself that Johnson is charged. The CI did not facilitate the buy or sell Johnson the firearm. Johnson has not and could not advance a defense of entrapment under these facts. Nor has Johnson offered any other defense that would caution the Court against withholding the CI's identity. Johnson has not met his burden to show that the CI may give testimony relevant to his defense. There is no need for an in camera interview to determine the materiality of the identity to his defense. *See Stone,* 2012 U.S. Dist. LEXIS 4279 at *17-18 ("the informant did little more than provide a tip that initiated an

5

investigation, there is no need to hold an *in camera* hearing to determine the materiality of the informant's identity to the defense.") Johnson merely suspects that he may know the CI and that the CI has a motive to lie. If the CI does testify at trial, this information may be properly brought out during cross-examination. *See Id.* at *10 (noting that the ability to cross-examine an informant is an important distinction weighing against disclosure of the informant's identity.) The Court denies Johnson's Motion to Disclose.

V.     **MOTION TO SUPPRESS**

Johnson argues that the search warrant and its fruits should be suppressed for several reasons. Generally a search or seizure must be made pursuant to a valid warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967). In determining that there is probable cause to issue a search warrant, a judicial officer must have "reasonable grounds for belief" that evidence will be found that can justify the issuance of a search warrant. *United States v. Thomas*, 604 F.3d 300, 307 (6th Cir. 2010) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). Probable cause exists "when there is a 'fair probability' . . . that contraband or evidence of a crime will be found in a particular place." *United States v. Helton*, 314 F.3d 812 (6th Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). A court must give great deference to the magistrate's determination that probable cause exists and not set aside the decision unless it was made arbitrarily. *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986).

When reviewing the sufficiency of an affidavit underlying a warrant, the Court must consider the veracity, reliability, and basis of knowledge for the information as part of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *United States v. Helton*, 314 F.3d 812, 918 (6th Cir. 2003). The totality of the circumstances tests requires the Court to examine each factor

together and not standing alone. *United States v. Smith, 182* F.3d 473, 482 (6th Cir. 1999) (quoting *Gates*, 462 U.S. at 230). Each element should be viewed as "closely intertwined issues that may usefully illuminate the commonsense, practical question of whether an informant's tip establishes probable cause." *Id.*

Considering the affidavit under the totality of the circumstances, the Court finds that there was probable cause to issue a search warrant of Johnson's trailer. Johnson argues that the affidavit did not indicate with specificity the CI's past reliability. The affidavit simply states that the "CI has proved to be a reliable source of information to the affiant in the past." The affidavit says no more about the CI"s past reliability. "While the warrant does not speak to the informant's history or past relationship with officers, the veracity of the information is sufficiently established by the subsequent events corroborating the informant's information." *United States v. Mohammed*, No. 10-4145, 2012 U.S. App. LEXIS 20421, *13 (6th Cir. Sept. 28, 2012) (unpublished); *see also United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005) ("As long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause."); *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004) ("an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information."). The CI's information on where Johnson lived, that he had several firearms, and that he sold a firearm to Brummette were all corroborated independently by police observation or through the interview of Johnson's co-defendant. The CI reliability was sufficiently proven.

Johnson next argues that the description of items named in the affidavit to be seized were too broad especially when the police knew what items had been stolen during the home invasion.

7

Items to be seized must be described with particularity "to prevent the use of general warrants authorizing wide-ranging rummaging searches . . . . [T]he scope of the warrant should be confined to evidence relating to a specific crime, supported by probable cause." *United States v. Hanna*, 661 F.3d 271, 286 (6th Cir. 2011) (quoting *United States v. Logan*, 250 F.3d 350, 364 (6th Cir. 2001)) (citations omitted). Therefore, "the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001) (quoting *United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1999)). "[I]nfirmity due to overbreadth does not doom the entire warrant; rather, it 'requires the suppression of evidence seized pursuant to that part of the warrant . . . , but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized - on plain view grounds, for example - during their execution).'" *Id.* (quoting *United States v. Brown*, 984 F.2d 1074, 1077 (10th Cir. 1993)).

> The affidavit sought:
>
> A Canon ES 970 Video Camera . . . a Sony Bravia Television . . . All Televisions, Cameras, Video Cameras and photographic equipment, Computers and computer equipment, Watches, Jewelry, Firearms, Collectible coins, Video Game systems and other suspected stolen property. Also any and all controlled substances found on the premises as well as any records or pawn slips showing the disposition of possible stolen property.

[Docket No. 50, Pg ID 206]. The investigation targeted home invasions. There was a string of home invasions in the Van Buren Township area. The items stolen from the last home victimized included a camera, television and firearm. The nature of a home invasion itself would lend one to reasonably assume that an assortment of items would be taken, anything of value, including jewelry and electronics. The warrant is sufficiently specific given the nature of the crime involved, home invasion and theft. Even if the Court found that the warrant was impermissibly broad, this would

8

not result in suppressing the entire search warrant and its fruits. A search for cameras, televisions and guns would still be permissible and those items were recovered from Johnson's trailer.

Johnson requests that the Court conduct an evidentiary hearing on the matter. He argues that the CI provided false information to the police in order to be released from prison and the police knew or should have known that this information was not trustworthy. Johnson further argues that the police knew or should have known that the CI was biased against Johnson for evicting him or her and the police omitted this information from the affidavit. For this reason, Johnson claims that he is entitled to an evidentiary hearing. Johnson reasons that if the judicial officer knew this information, he or she would not have issued a search warrant.

There is "a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The Court must conduct an evidentiary hearing if "(1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side." *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1989). Johnson, however, has made neither of these showings. He has offered no evidence that the police knew the information was incorrect or that the police had any knowledge of an alleged motivation to lie. The Court finds that the judicial officer had a reasonable basis to conclude that there was probable cause to issue a search warrant for Johnson's trailer.

Regardless of whether probable cause to issue the search warrant existed, Johnson has not demonstrated that exclusion is necessary. The exclusionary rule prohibits the admissibility of

9

evidence obtained from an illegal search. *See Weeks v. United States*, 232 U.S. 383 (1914). Any derivative evidence, both tangible and intangible, is also inadmissible "that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search." *Murray v. United States*, 487 U.S. 533, 537 (1988); *see also Wong Sun v. United States*, 371 U.S. 471 (1963); *Silverthrone Lumber Co. v. United States*, 251 U.S. 385 (1920). In *United States v. Leon,* the Supreme Court held that the good faith exception to the exclusionary rule does not apply when 1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit did not provide the magistrate with a substantial basis for determining the existence of probable cause; or 4) the officer's reliance on the warrant was neither in good faith or objectively reasonable. *United States v. Leon,* 468 U.S. 897, 923 (1984).

Johnson has provided little evidence beyond conclusions and suspicions to support any of the circumstances mandating against the good faith exception to the exclusionary rule. He provides no evidence that the affidavit contained false information, that the judicial officer abandoned his role, that there was not a substantial basis for the warrant, or that the officer did not rely on it in good faith. The Court finds that the warrant and underlying affidavit were sufficient, denies Johnson's request for a *Franks* hearing, and denies Johnson's motion to suppress.

## VI. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Disclose Confidential Informant [Docket No. 47, filed September 7, 2012] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress [Docket No. 50, filed September 24, 2012] is **DENIED**.

**IT IS SO ORDERED**.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: November 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 28, 2012, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager